IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHRISTOPHER M. STONE,

    Petitioner,

    v.

STATE OF OHIO,

    Respondent.

CASE NO. 2:13-CV-320
JUDGE GEORGE C. SMITH
MAGISTRATE JUDGE KING

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on the *Petition*, Doc. No. 4, Respondent's *Motion to Dismiss,* Doc. No. 9, Petitioner's *Response,* Doc. No. 12, and the exhibits of the parties.  For the reasons that follow, the Magistrate Judge concludes that this action is barred by the one year statute of limitations established by 28 U.S.C. § 2244(d) and therefore **RECOMMENDS** that Respondent's *Motion to Dismiss*, Doc. No. 9, be **GRANTED** and that this action be **DISMISSED.**

**Facts and Procedural History**

Petitioner's underlying convictions on charges of kidnapping, aggravated robbery, theft of a motor vehicle and theft of credit cards are the result of his negotiated plea in the Muskingum County Court of Common Pleas.  *See Plea Agreement, Exhibit 5* to *Motion to Dismiss*. On August 10, 2011, the trial court imposed an aggregate sentence of eleven (11) years in prison. *Judgment Entry, Exhibit 8* to *Motion to Dismiss.*  Petitioner did not timely appeal from that judgment.  On June 5, 2012, Petitioner filed a *Motion for Appointment of Counsel, Notice of Appeal* and *Motion for Leave to file a Delayed Appeal* in the Ohio Fifth Appellate District Court

of Appeals. *Exhibits 9, 11, 12* to *Motion to Dismiss*. On July 16, 2012, the state appellate court denied Petitioner's motions. *Exhibit 13* to *Motion to Dismiss.* Petitioner did not file a timely appeal to the Ohio Supreme Court but, on November 16, 2012, Petitioner filed separate motions directly with the Ohio Supreme Court. *Motion for Leave to File a Delayed Appeal; Motion for Appointment of Counsel; Notice of Appeal, Exhibits 14-16* to *Motion to Dismiss*. Petitioner also sought the appointment of an investigator and certain transcripts from the Ohio Supreme Court. *Petition for an Investigator; Motion to Acquire Transcripts, Exhibits 17, 18* to *Motion to Dismiss.* On January 23, 2013, the Ohio Supreme Court denied all of Petitioner's motions. *Exhibit 19* to *Motion to Dismiss.*

Petitioner also pursued post-conviction relief. On August 25, 2012, he filed a post-conviction action in the state trial court, *Exhibit 20* to *Motion to Dismiss,* which the trial court denied on August 31, 2012. *Exhibit 21* to *Motion to Dismiss.* Petitioner also requested discovery and transcripts from the trial court. *Exhibit 22* to *Motion to Dismiss*. On October 22, 2012, the trial court denied those motions. *Exhibit 23* to *Motion to Dismiss*.

On April 8, 2013, Petitioner filed this action. The *Petition* is dated April 2, 2013. *Petition*, Doc. No. 4, PageID #43. Petitioner alleges that he was denied the effective assistance of counsel because his attorney failed to investigate (claim one);[1] and that he was denied his first appeal as of right when his attorney advised Petitioner that an appeal would be frivolous and yet failed to either file a timely appeal or withdraw (claim two).

**Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d) provides**:**

---

[1] In claims three and four, Petitioner reiterates these same allegations.

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Here, Petitioner's judgment of conviction became final on September 9, 2011, *i.e.,* 30 days after the August 10, 2011, final judgment of the trial court, *see Exhibit 8* to *Motion to Dismiss*, when the time for filing an appeal expired. *See Ohio Appellate Rule 4(A);Keeling v. Warden*, *Lebanon Correctional Inst*., 673 F.3d 452, 460 (6th Cir. 2012) (judgment becomes final at the expiration of the time for pursuing a direct review in the state appellate court); *Marcum v. Lazarof,* 301 F.3d 408, 481 (6th Cir. 2002); *Searcy v. Carter*, 246 F.3d 515, 518–19 (6th Cir. 2001). The statute of limitations began to run the following day, *i.e*., September 10, 2011, and

expired one year later, on September 10, 2012. However, Petitioner waited more than six months beyond that date - until April 2, 2013 - to execute the *Petition*.

Petitioner's June 5, 2012, *Motion for a Delayed Appeal* did not toll the running of the statute of limitations because the state appellate court denied that motion as untimely. *See Exhibits 11, 13* to *Motion to Dismiss*. Likewise, Petitioner's November 16, 2012, *Motion for a Delayed Appeal,* filed in the Ohio Supreme Court, did not toll the running of the statute of limitations because the Ohio Supreme Court denied that motion as untimely as well. *See Exhibits 14, 19* to *Motion to Dismiss*. Those motions were therefore not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) and did not toll the running of the statute of limitations while they were pending. *See Pace v. DiGuglielmo,* 544 U.S. 408, 413-14 (2005).

Petitioner asserts that the statute of limitations should be equitably tolled in view of his *pro se* status, the loss of paperwork, the deaths of two family members and his limited access to the prison's law library. *See Memorandum in Support of Petitioner's Response.* In *Holland v. Florida*, 560 U.S. –, 130 S.Ct. 2549, 256)(2010), the United States Supreme Court held that the statute of limitations in a federal habeas corpus case may be equitably tolled only where a petitioner has diligently pursued his rights and yet some extraordinary circumstance prevented him from filing his petition in a timely fashion.   *Id.* at 2562-63  *(citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The record fails to reflect such circumstances here.

Equitable tolling should be only sparingly applied. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir. 2000). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at

4

560–61.  The Supreme Court has allowed equitable tolling where a claimant actively pursued judicial remedies by filing a timely, but defective, pleading or where he was induced or tricked by his opponent into allowing the filing deadline to pass.  *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).  Where a claimant has failed to exercise due diligence in preserving his legal rights, courts are much less forgiving.  *Id.; Jurado v. Burt*, 337 F.3d 638, 642–43 (6th Cir. 2003).

Petitioner has attached various exhibits in support of his contention that he diligently pursued relief, particularly in light of the fact that he has been detained in a Pennsylvania prison facility for a period of time since his sentencing in Muskingum County.  *See Exhibits* to *Petition; Exhibits* to *Response*.  The most significant of these is a letter dated October 1, 2012, from the Office of the Public Defender.  Doc. No. 12-9, PageID #175-76.  In that letter, an Assistant Public Defender advised Petitioner that he could seek a delayed appeal to the Ohio Supreme Court from the court of appeals' July 16, 2012, denial of Petitioner's *Motion for Leave to File a Delayed Appeal. Id*.  The Assistant Public Defender also provided Petitioner sample forms, a copy of the Ohio Supreme Court's Rules of Practice, and filing advice.  *Id*.  Yet Petitioner waited another month before filing his motion for a delayed appeal with the Ohio Supreme Court.  In any event, Petitioner has failed to adequately explain why he waited more than nine months after the entry of final judgment by the state trial court, *i.e.,* August 10, 2011, before filing his motion for delayed appeal June 5, 2012 in the Ohio court of appeals.  *See Exhibits 8, 11* to *Motion to Dismiss*.  This delay is particularly without justification, considering that Petitioner was expressly advised and expressly acknowledged that "any appeal must be filed within 30 days of [his] sentence."  *Exhibit 5* to *Motion to Dismiss*, PageID #89.  In short, Petitioner has not established that he diligently pursued his rights in this regard.

5

The Court also concludes that Petitioner has not established that some extraordinary circumstance prevented him from filing a timely petition. A prisoner's *pro se* and incarcerated status, lack of knowledge of the law's requirements and limited access to a prison law library or legal materials are not extraordinary circumstances that would justify the equitable tolling of the statute of limitations. *Hall v. Warden, Lebanon Correctional Inst.,* 662 F.3d 745, 751 (6th Cir. 2011). These conditions are among those typical of most habeas corpus petitioners and do not constitute extraordinary circumstances beyond the petitioner's control sufficient to warrant the equitable tolling of the statute of limitations. *Lowe v. State,* No. 2:120CV–142, 2013 WL 950940, at *7 (S.D.Ohio March 12, 2013) (citing *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir.2004)). Nothing in the record suggests that Petitioner was unavoidably prevented from filing his *Petition* for more than six months after the statute of limitations had expired.

It is true that actual innocence may also justify the equitable tolling of the statute of limitations.

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316, 115 S.Ct. 851, 130 L.Ed.2d 808. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable

6

> evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence- that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id*. at 321, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808.

*Shouter v. Jones,* 395 F.3d 577, 589-90 (6th Cir. 2005)(footnote omitted).  However, the record fails to reflect such circumstances here.

In short, the Court concludes that the *Petition* was untimely filed and that the statute of limitations prohibits this Court's consideration of the claims raised in that *Petition.*

**WHEREUPON,** the Magistrate Judge **RECOMMENDS** that respondent's *Motion to Dismiss*, Doc. No. 9, be **GRANTED** and this action be **DISMISSED.**

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report*

*and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                                               *s/ Norah McCann King*
                                                               Norah McCann King
                                                               United States Magistrate Judge

January 7, 2014