IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHRISTOPHER STONE,

    Petitioner,

    v.

STATE OF OHIO,

    Respondent.

CASE NO. 2:13-CV-320
JUDGE GEORGE C. SMITH
MAGISTRATE JUDGE KING

## REPORT AND RECOMMENDATION

This is a habeas corpus action under 28 U.S.C. § 2254, in which Petitioner, who is currently incarcerated in Pennsylvania, challenges his August 2011 conviction in the Muskingum County, Ohio, Court of Common Pleas on charges of kidnapping, aggravated robbery, theft of a motor vehicle and theft of credit cards. The *Petition,* ECF 4, is dated April 2, 2013 and was received by the Court on April 5, 2013. Respondent moved to dismiss the action as untimely in light of Petitioner's failure to pursue a timely direct appeal of his conviction. *Motion to Dismiss*, ECF 9. On February 19, 2014, the Court denied the *Motion to Dismiss* in order to permit Petitioner to establish a basis for the equitable tolling of the statute of limitations in light of his allegation that he had asked his attorney to file an appeal but that his attorney failed to do so. *Opinion and Order*, ECF 21. Respondent thereafter filed a supplemental response to the *Petition, Return of Writ*, ECF 22, to which Petitioner has responded, *Reply*, ECF 25. Petitioner has also filed a motion for the appointment of counsel, *Motion to Appoint Counsel*, ECF 26, and a motion for discovery, *Motion for Discovery*, ECF 27. This matter is now before the Court solely for a determination of whether Petitioner's allegation that his attorney failed to file an appeal merits the equitable tolling of the statute of limitations or serves to delay the date upon which the statute

1

of limitations began to run, *see* 28 U.S.C. § 2244(d)(1)(D), thus rendering the otherwise untimely *Petition* timely.

Upon consideration of the entire record before the Court, the Magistrate Judge now **RECOMMENDS** that this action be **DISMISSED** as barred by the one year statute of limitations under 28 U.S.C. § 2244(d).

Petitioner's *Motion to Appoint Counsel* and *Motion for Discovery*, Doc. Nos. 26, 27, are **DENIED**.

**Procedural History**

Petitioner's conviction results from his negotiated plea agreement. *Plea Agreement, Exhibit 5* to *Motion to Dismiss; Judgment Entry, Exhibit 8* to *Motion to Dismiss.* On August 10, 2011, the trial court imposed a sentence of eleven years' imprisonment. *Judgment Entry, Exhibit 8* to *Motion to Dismiss.* A timely notice of appeal was not filed. On June 5, 2012 – almost ten (10) months later - Petitioner filed a *Motion for Appointment of Counsel, Notice of Appeal* and *Motion for Leave to File a Delayed Appeal* in the Ohio Court of Appeals for the Fifth Appellate District. *Exhibits 9, 11, 12* to *Motion to Dismiss*. On July 16, 2012, the state court of appeals denied those motions. *Exhibit 13* to *Motion to Dismiss.* Petitioner did not timely appeal that decision to the Ohio Supreme Court. On November 16, 2012 - four months later – Petitioner filed a number of documents in the Ohio Supreme Court. *Motion for Leave to File a Delayed Appeal; Motion for Appointment of Counsel, Notice of Appeal*, and *Motion to Acquire Transcripts*. *Exhibits 14-16, 18* to *Motion to Dismiss*. On January 23, 2013, the Ohio Supreme Court denied those motions and Petitioner's *Motion for Leave to file a Delayed Appeal. Exhibit 19* to *Motion to Dismiss.*

On August 25, 2012, Petitioner filed a petition for post conviction relief pursuant to O.R.C. § 2953.21 in the state trial court. *Exhibit 20* to *Motion to Dismiss*. On August 31, 2012, the trial court denied that petition. Petitioner did not file an appeal from that decision.

Ordinarily, a habeas corpus petition under 28 U.S.C. § 2254 must be filed within one (1) year after the state court judgment becomes final, 28 U.S.C. § 2244(d)(1), "by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). Because no direct appeal was taken from the August 10, 2011 final judgment of conviction, Petitioner's conviction became final on September 9, 2011, *i.e.,* when the time for filing an appeal expired. *See* Ohio R. App. P. 4(A); *Keeling v. Warden, Lebanon Correctional Inst.*, 673 F.3d 452, 460 (6th Cir. 2012). The statute of limitations would therefore ordinarily have expired one (1) year later. *See* 28 U.S.C. § 2244(d)(1)(A).[1] As noted *supra*, Petitioner apparently executed the *Petition* in this habeas corpus action on April 2, 2013. The Court received and filed the *Petition* on April 5, 2013.

**Discussion**

Petitioner alleges that, at the time of sentencing, he asked his attorney to file a direct appeal but that his attorney failed to do so. Petitioner also alleges that, once he learned that no appeal had been filed, he filed the motion for a delayed appeal in the state appellate court and requested the appointment of counsel. Citing 28 U.S.C. § 2244(d)(1)(D), Petitioner now argues that the one-year statute of limitations should not begin to run until the date on which he learned that his attorney had not filed an appeal; alternatively, Petitioner argues that his attorney's failure to file an appeal establishes grounds for the equitable tolling of the statute of limitations.

---

[1] The statute of limitations would have been tolled during the pendency of Petitioner's motion for a delayed direct appeal and petition for post conviction relief. *See DeCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006). Even excluding these periods, however, the statute of limitations would ordinarily have expired on October 22, 2012, *i.e.,* more than five (5) months prior to the date on which Petitioner executed his federal habeas corpus petition.

3

Although the statute of limitations ordinarily begins to run when the judgment of conviction becomes final, 28 U.S.C. § 2244(d)(1)(A), the limitations period may also be measured as beginning to run on "the date which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." § 2244(d)(1)(D). Moreover, a statute of limitations may be equitably tolled if a litigant's failure to meet the filing deadline unavoidably arose from circumstances beyond his control. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000). The doctrine of equitable tolling is only sparingly applied, however; a petitioner is entitled to the benefit of the doctrine only if he shows that he has diligently pursued his rights and that some extraordinary circumstance stood in his way and prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010)(citing *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)). A petitioner bears the burden of establishing that he is entitled to the benefit of equitable tolling. *United States v. Cardosa*, No. 09-11-ART; 13-cv-7273, 2013 WL 4441990, at *3 (E.D. Ky Aug. 14, 2013).

Petitioner signed a *Plea Agreement* acknowledging that he understood his right to appeal and that any appeal must be filed within thirty days of the date that his sentence was imposed. *Plea Agreement, Exhibit 5* to *Motion* to *Dismiss,* PageID # 88-89. Petitioner also acknowledged as much at his August 8, 2011 guilty plea and sentencing hearing. *Transcript of Plea and Sentencing Hearing,* attached to ECF 22, PageID# 239-240 ("THE COURT: You understand you have the right to appeal your case within 30 days of sentencing, but by pleading guilty, you severely limit the chance of any appeal being successful? THE DEFENDANT: Yes, I do."). Yet Petitioner waited until June 5, 2012, *i.e*., approximately ten months, before he filed his motion

for a delayed appeal. Significantly, Petitioner does not specify any action taken by him prior to that point to determine the status of his appeal. *See Brown v. United States*, 20 Fed. Appx. 373, 448 (6th Cir. 2001)(equitable tolling denied where the petitioner mistakenly believed that his attorney was prosecuting an appeal on his behalf, because the petitioner "failed in his duty to monitor the status of his appeal")(citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

In *Moore v. United States*, 438 Fed. Appx. 445, unpublished, 2011 WL 3930277 (6th Cir. Sept. 7, 2011), a habeas corpus action under 28 U.S.C. § 2255, the petitioner also alleged that he had asked his attorney to file an appeal and did not learn, until approximately three months after the time to do so had expired, that no appeal had been filed. The petitioner in *Moore* also represented that he had been in transit during a portion of that period and was therefore unable to contact his attorney and that his attorney failed to respond to his inquiries about the status of his appeal. *Id.* at 447. Despite these factors, the United States Court of Appeals for the Sixth Circuit rejected the argument that the statute of limitations did not begin to run until the date on which the petitioner discovered that his attorney had failed to file the appeal; the Sixth Circuit also held that equitable tolling of the statute of limitations was not appropriate under the circumstances.

The Sixth Circuit in *Moore* distinguished the facts presented in that case from those presented in *Granger v. Hurt*, 90 Fed. Appx. 97, 98, 2004 WL 162549 (6th Cir. Jan. 23, 2004), a habeas corpus action under 28 U.S.C. § 2254 which held that a two-month delay in inquiring into the status of an appeal was not unreasonable in view of the "reality of the prison system." *Id*. at 100. The court in *Granger* held that the start date for the running of the statute of limitations therefore did not begin to run until the date on which the petitioner in that case learned that his attorney had not filed the requested appeal. *Granger* had no application to the facts presented in *Moore*, the Sixth Circuit in *Moore* held:

> *Granger* differs significantly from the instant case in that Moore offers no evidence regarding when he discovered that his attorney had not filed the notice of appeal. Granger's account was corroborated by his filing of a delayed motion for direct appeal and his attempt to appeal its denial to the state supreme court. By contrast, Moore did not seek to preserve his appellate rights before filing this petition and offered no evidence to support his delayed-discovery claim, either in response to the district court's order to show cause or in his appellate brief. *Cf. Price v. Jamrog*, 79 Fed. Appx. 110, 112–13 (6th Cir. 2003) (rejecting petitioner's unsupported assertions that his mental disability prevented him from collaterally challenging his conviction). Since Moore has not shown that he discovered his attorney's failure to file on November 6, 2007, or that he diligently inquired into the status of his appeal before then, he is not entitled to delay the start of the limitation period under § 2255(f)(4).

*Moore,* 2011 WL 3930277 at *3. This Court concludes that the facts presented in this case conform more closely to those in *Moore* than to those in *Granger*.

As noted *supra*, the Sixth Circuit in *Moore* also failed to equitably toll the statute of limitations:

> [Moore] admits that he was aware of the requirement to file a notice of appeal. . . . Moreover, as previously discussed, Moore provided no evidence that he checked the status of his appeal before discovering his attorney's failure to file; thus, even if Moore exercised due diligence for the rest of the limitation period, he cannot show that he did so in the first ten weeks after the appeals deadline expired. Finally, Moore admits that he knew from the beginning of the legal requirement to file his claim. For these reasons. . . the district court was right to dismiss Moore's petition as untimely.

*Id*. at *4.

In *Crump v. United States*, No. 12-cv-768, 2013 WL 4010231, at *3 (W.D. Mich. Aug. 5, 2013), an action filed under 28 U.S.C. § 2255, the district court declined to equitably toll the running of the statute of limitations despite the petitioner's allegations that his attorney had

assured him that a notice of appeal had been filed, and that petitioner had made efforts to contact his attorney. The Court reasoned:

> Crump's reliance on his counsel's alleged failure to file a notice of appeal as the basis for equitable tolling is foreclosed by his own lack of diligence. The Sixth Circuit has held that counsel's failure to file an appeal will not justify equitable tolling where the defendant "failed in his duty to monitor the status of his appeal."

*Id.* at *3 (citing *Brown*). The court in *Crump* also referred to *Anjulo–Lopez v. United States*, 541 F.3d 814 (8th Cir. 2008), in support of its conclusion:

> In *Anjulo–Lopez v. United States*, 541 F.3d 814 (8th Cir. 2008), the Eighth Circuit held that the defendant was not entitled to equitable tolling based on his counsel's failure to file an appeal, even though the defendant alleged that: (1) he was not able to communicate with anyone during the five months following his sentencing due to repeated transfers; (2) he believed that an appeal was filed and he simply needed to wait; (3) after awhile he began to suspect that no appeal had been filed and he sent certified letters to his counsel requesting copies of the record; (4) his counsel sent him copies of the judgment and commitment order; and (5) by the time the defendant attempted to contact his attorney, the filing date for his § 2255 motion had passed. *Id.* at 818. The court noted that the defendant's allegations failed to demonstrate diligence because he waited a year to even contact his attorney. *Id.* at 818–19.

*Crump,* at *3. The Court in *Anjulo-Lopez* noted that the petitioner "neither explained why he was 'unable to communicate with anyone' about his appeal while in transit, nor described any thwarted attempts to check on the status of his appeal during that period." *Anjulo-Lopez,* at 818-19. The Eighth Circuit reasoned that, had Anjulo–Lopez not waited for a year before contacting his attorney, he would have known at an earlier date that his attorney had failed to file a notice of appeal. *Id.* at 819 "That an appeal had not been filed was a matter of public record. And we think it clear from the face of the motion and record here that a duly diligent person in Anjulo–Lopez's circumstances could have unearthed that information anytime after the deadline for filing the appeal passed." *Id.* (citing *Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2001)).

7

In *Mendenhall v. United States*, Nos. 3:05-cr-533, 3:08-cv-417, 2012 WL 441196 (E.D. Tenn. Feb. 10, 2012), a habeas corpus action under 28 U.S.C. § 2255, the petitioner asserted, as does Petitioner here, that he instructed his attorney to file a notice of appeal and did not learn, until approximately ten months later, that no appeal had been filed. The district court declined to equitably toll the statute of limitations under those circumstances, reasoning that Mendenhall had failed to exercise diligence in light of the fact that either he or someone acting on his behalf could easily have contacted the clerk's office to determine whether the notice of appeal had been filed. *Id.* at *3 (citing *Moore,* 438 Fed. Appx. 445; *Brown.* 20 Fed. Appx. 373*; Elliott v. Dewitt*, 10 Fed. Appx. 311, 313 (6th Cir. 2001). That same reasoning applies to the facts presented in this case.

The record demonstrates that Petitioner was aware of both his right to file an appeal and the time limit for doing so. Yet, he offers no evidence in support of his contention that he acted diligently in determining whether an appeal had been filed on his behalf. Specifically, Petitioner does not describe the attempts, if any, that he made during the ten month period after his sentencing to determine whether an appeal had in fact been filed. Indeed, Petitioner does not even specify the actual date on which he learned that no appeal had been filed nor does he indicate how he learned this fact. Petitioner alleges that he directed his counsel to file a direct appeal but that his counsel failed to do so. However, Petitioner made no such allegation in his motion for a delayed appeal or in his petition for post conviction relief. *Motion for Leave to File Delayed Appeal, Exhibit 11* to *Motion to Dismiss*, PageID# 100; 103-4;[2] *Exhibit 20* to *Motion to Dismiss.* Petitioner also failed to file a timely appeal to the Ohio Supreme Court.

---

[2] Petitioner does indicate that he made "numerous attempts to contact trial counsel," PageID# 104, but this appears to be in reference to Petitioner's alleged attempt to obtain legal material.

These facts both undermine Petitioner's current allegation and militate against a conclusion that he acted diligently. This Court therefore concludes that Petitioner has failed to establish either that the start date of the running of the statute of limitations should be extended under 28 U.S.C. § 2254(d)(1)(D) or that the statute of limitations should be equitably tolled.

**WHEREUPON** the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one year statute of limitations under 28 U.S.C. § 2244(d).

Petitioner's *Motion to Appoint Counsel* and *Motion for Discovery*, Doc. Nos. 26, 27, are **DENIED**.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                                                      *s/ Norah McCann King*
                                                                       Norah McCann King
                                                       United States Magistrate Judge

May 22, 2014