IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHRISTOPHER STONE,

    Petitioner,

  v.                             Case No. 2:13-cv-320
                                  JUDGE SMITH
STATE OF OHIO,                Magistrate Judge King

    Respondent.

ORDER and
REPORT AND RECOMMENDATION

This case returns to this Court pursuant to the order of remand of the United States Court of Appeals for the Sixth Circuit. *Order* (ECF No. 44.) This matter is now before the Court on the *Petition* (ECF No. 4), Respondent's *Supplemental and Second Supplemental Response* (ECF No. 22, 47), Petitioner's *Reply* (ECF No. 52), the *Declaration of Petitioner* (ECF No. 49), Petitioner's *Request for Evidentiary Hearing* and *Motion for Leave to File Supporting Affidavit* (ECF No. 50, 51), Respondent's *Opposition to Petitioner's Request for an Evidentiary Hearing* (ECF No. 53), and the exhibits of the parties.

For the reasons that follow, Petitioner's *Motion for Leave to File Supporting Affidavit* (ECF No. 51) is **DENIED**. The Magistrate Judge **RECOMMENDS** that Petitioner's *Request for Evidentiary Hearing* (ECF 50) be **GRANTED,** and that counsel be appointed to represent Petitioner at an evidentiary hearing on his claim that he was denied the assistance of counsel to assist him in the filing of an appeal. The Magistrate Judge further **RECOMMENDS** that the remainder of Petitioner's claims be **DISMISSED**.

1

**Facts and Procedural History**

Petitioner's underlying convictions on charges of kidnapping, aggravated robbery, theft of a motor vehicle and theft of credit cards are the result of his negotiated plea in the Muskingum County Court of Common Pleas. *Plea of Guilty,* attached to *Motion to Dismiss* (ECF No. 9-1) PageID# 87. On August 10, 2011, the trial court imposed an aggregate sentence of eleven (11) years in prison. *Entry,* attached to *Motion to Dismiss* (ECF No. 9-1) PageID# 92-3. Petitioner did not timely appeal. On June 5, 2012, Petitioner filed a *Motion for Appointment of Counsel, Notice of Appeal* and *Motion for Leave to File a Delayed Appeal* in the state court of appeals. *Id.* at PageID# 94-106. On July 16, 2012, the state appellate court denied Petitioner's motions. *Judgment Entry*, attached to *Motion to Dismiss* (ECF No. 9-1) PageID# 110. Petitioner did not file a timely appeal to the Ohio Supreme Court. On November 16, 2012, Petitioner filed several motions directly with the Ohio Supreme Court. *Motion for Leave to File a Delayed Appeal*; *Motion for Appointment of Counsel*; *Notice of Appeal*, attached to *Motion to Dismiss* (ECF No. 9-1) PageID# 112-123. Those motions sought the appointment of an investigator and the production of certain transcripts. On January 23, 2013, the Ohio Supreme Court denied those motions. *Order*, attached to *Motion to Dismiss* (ECF No. 9-1) PageID# 128.

Petitioner also pursued post-conviction relief. On August 25, 2012, Petitioner filed a post-conviction petition in the state trial court, *Post-Conviction Relief Act Petition*, attached to *Motion to Dismiss* (ECF No. 9-1) PageID# 129, which the trial court denied on August 31, 2012. *Order*, attached to *Motion to Dismiss* (ECF No. 9-1) PageID# 133. Petitioner also requested discovery and the productions of transcripts from the trial court. *Petition for Full Discovery Information as Well as Trial Transcripts,* attached to *Motion to Dismiss* (ECF No. 9-1) PageID#

134.  On October 22, 2012, the trial court denied those requests. *Order*, attached to *Motion to Dismiss* (ECF No. 9-1) PageID# 137.

On April 8, 2013, Petitioner filed this action. On August 5, 2012, this Court dismissed the action as barred by the one-year statute of limitations established by 28 U.S.C. § 2244(d). *Order,* (ECF No. 38); *Clerk's Judgment*, (ECF No. 39).  The United States Court of Appeals for the Sixth Circuit reversed that decision and remanded the case for further proceedings.  *Stone v. State of Ohio,* Case No. 14-3822 (6th Cir. Jay 22, 2015).

The *Petition* alleges that Petitioner was denied the effective assistance of counsel because his attorney failed to investigate the case (claims one and four), and improperly recommended that he enter a guilty plea (claim three).  Petitioner also alleges that he was denied the assistance of counsel in connection with the filing of a direct appeal (claim two). Respondent contends that Petitioner has waived these claims and that, in any event, the claims lack merit.  *Second Supplemental Response* (ECF No. 47) PageID# 355.  Petitioner seeks an evidentiary hearing. (ECF No. 50).

**Motion for Leave to File Supporting Affidavit**

On July 24, 2015, Petitioner sought leave to file a supporting affidavit. (ECF No. 51). Petitioner's motion asks the Court to order the Department of Rehabilitation and Correction to permit him to locate one Eric L. Rudolph, an inmate who assisted Petitioner in the state court proceedings and in the filing of the *Petition*.  Petitioner wants the affidavit to confirm that Rudolph assisted Petitioner in the filing of this federal habeas corpus petition, and to establish that Petitioner attempted to file an appeal. The affidavit proposed by Petitioner will not assist Petitioner in establishing his claims.  Petitioner's *Motion for Leave to File Supporting Affidavit* (ECF No. 51) is therefore **DENIED.**

**Claims of Ineffective Assistance of Counsel**

Petitioner alleges the denial of the effective assistance of counsel. The Sixth Amendment guarantees a criminal defendant the right to the effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). In order to establish the denial of the effective assistance of counsel, a defendant must demonstrate that his attorney performed in a constitutionally deficient manner. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Scrutiny of defense counsel's performance must be "highly deferential." *Id*. at 689. The defendant also must show that he was prejudiced by his counsel's ineffectiveness. This requires a showing that his attorney's errors were so serious as to deprive him of a fair trial, whose result is reliable. *Id*. at 687.

With respect to the first prong of the *Strickland* test, "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. To establish the second prong of the *Strickland* test, *i.e*., prejudice, a petitioner must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Because a petitioner must satisfy both prongs of *Strickland* to demonstrate the ineffective assistance of counsel, should a court determine that a petitioner has failed to satisfy one prong, it need not consider the other. *Id*. at 697.

**Alleged Failure to Investigate; Guilty Plea (Claims One, Three, and Four)**

Petitioner agreed to plead guilty to two counts of kidnapping, two counts of aggravated

robbery, theft of a motor vehicle, and theft of credit cards. *Transcript of Plea and Sentencing Hearing* (ECF No. 22-1). Because a criminal defendant waives numerous constitutional rights when he enters a plea of guilty, the plea must be entered into knowingly and voluntarily in order to be constitutionally valid. *Boykin v. Alabama*, 395 U.S. 238, 244 (1969). "'The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Sparks v. Sowders*, 852 F.2d 882, 885 (6th Cir. 1988) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). In applying this standard, a court must look at the totality of circumstances surrounding the plea. *Id*. A criminal defendant's solemn declaration of guilt carries a presumption of truthfulness. *Henderson v. Morgan*, 426 U.S. 637, 648 (1976).

A prisoner may challenge his plea of guilty on the basis that his counsel's ineffectiveness prevented the plea from being knowing and voluntary. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). *Strickland*'s two-part test of counsel ineffectiveness applies to such challenges to a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Sparks v. Sowders*, 852 F.2d at 884. A petitioner who is challenging the entry of his guilty plea on the basis of counsel ineffectiveness must first show that counsel's advice did not fall within the range of competence demanded of attorneys in criminal cases. *Hill*, 474 U.S. at 59; *Sparks*, 852 F.2d at 884.

> The second, or "prejudice" requirement on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill,* 474 U.S. at 59; *Sparks*, 852 F.2d at 884.

Petitioner alleges that he was denied the effective assistance of counsel because his attorney failed to investigate the case and improperly advised Petition to plead guilty. Specifically, Petitioner complains that his attorney should have ascertained that Petitioner had been hospitalized in a mental health facility prior to being charged and that the alleged victim had made prior consistent statements. Accordingly, Petitioner argues, his attorney improperly advised him against proceeding to trial and forced him to enter the guilty plea. *Petition* (ECF No. 4) PageID# 33.

In exchange for Petitioner's pleas of guilty, the prosecution recommended that Petitioner be sentenced to an aggregate term of eleven years, and restitution of $2,675; the prosecution also agreed to dismiss one count. *Transcript of Plea and Sentencing Hearing* (ECF No. 22-1) PageID# 232-33. At the guilty plea hearing, defense counsel stated that he had reviewed with Petitioner all the rights that Petitioner was waiving by entry of the guilty plea; Petitioner articulated his desire to plead guilty. *Id.* at PageID# 233-34. The Court advised Petitioner of the potential sentences that he faced and Petitioner indicated that he understood. *Id.* at PageID# 234-37. Specifically, Petitioner indicated that he understood the nature of the charges against him and any potential defenses that he might have to those charges. He was satisfied with the advice and representation of his attorney. He denied being under the influence of alcohol or drugs. *Id.* at PageID# 237. He denied having taken any medications. He understood the terms of the plea agreement. No other promises had been made to him, nor had he been threatened in any way to enter a guilty plea. *Id.* at PageID# 238. He understood that the Court would not be bound by the State's recommendation of sentence. *Id.* The Court advised Petitioner of all the rights that he was waiving by entry of his guilty plea and Petitioner indicated that he understood. *Id.* at PageID# 239-40.

Petitioner also signed a *Plea of Guilty* form. *Plea of Guilty* (ECF No. 9-5), PageID# 87-89. Petitioner indicated in that document that he understood the nature of the charges against him and the possible defenses to those charges. He was satisfied with his attorney's advice and competence and was not under the influence of drugs or alcohol. He denied having been threatened or having been made any promises except those reflected in the plea agreement. *Id.* at PageID# 88-89. He also indicated that he understood his right to appeal a maximum sentence, and his other, albeit limited, appellate rights and he understood that any appeal must be filed within 30 days. He expressly affirmed that his plea was voluntary. *Id.* at PageID# 89.

The prosecutor summarized the facts of the case as follows:

> On May 2nd of 2010, the defendant in this matter, Christopher Stone, and the co-defendant, Michael Burkhart, were residents at Dillon Acres Group Home operated by Six County. Employed at that point in time and in charge of supervising the residents of the group home were a Mary McGomery and a Guelda Johnson.
>
> The defendant and the co-defendant Michael Burkhart indicated that night that they wanted to talk with Ms. McGomery and Ms. Johnson, and they both informed the workers that they wanted to leave . The workers indicated that that would not be a good idea, at which point Mr. Burkhart pulled a knife and threatened Ms. McGomery. Christopher Stone then pulled a knife and told Miss Johnson if she didn't want hurt, that she needed to listen and do as told.
>
> Both victims were made to lay on the floor as the defendant and co-defendant Burkhart tied them up and gagged the victims. Defendants both asked about money and keys. They did get – defendants did get money, keys and credit cards from McGomery and cut phone wires to disable the alarm. They then left the group home. This occurred in Muskingum County, State of Ohio.

*Transcript of Plea and Sentencing Hearing* (ECF No. 22-1) PageID# 241-42.[1] This statement makes clear on the record that Petitioner was undergoing mental health treatment prior to the time that he was charged. The statement also makes clear that the prosecution could have

---

[1] "Six County" is a mental health treatment agency.

7

established the charges against Petitioner regardless of whether the victim had made prior inconsistent statements. Petitioner made no statement prior to the imposition of sentence. *Id.* at PageID#247. The Court imposed an aggregate term of eleven years' imprisonment, such sentence to be served consecutively to any other prison sentence Petitioner was serving at the time. *Id.* at PageID# 248.[2]

The *Transcript of Plea and Sentencing Hearing* establishes that Petitioner's guilty plea was knowing, intelligent, and voluntary. Petitioner's current allegation that his attorney failed to ascertain certain facts or forced him to enter a guilty plea is simply unworthy of credit in view of the record.

> [T]he representations of the defendant, his lawyer, and the prosecutor at [a guilty plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison,* 431 U.S. 63, 74 (1977). Petitioner has failed to establish that his counsel was constitutionally ineffective in failing to investigate or in connection with the entry of his guilty plea; Petitioner has also failed to establish that he suffered prejudice by reason of any deficiency in his counsel's performance in this regard. *See Strickland*.

Petitioner's claims one, three, and four are without merit.

**Alleged Failure to File an Appeal**

Petitioner has filed a *Delaration* stating that he had asked his trial attorney to file an appeal, and his attorney had assured Petitioner that he would do so. *Declaration of Petitioner Christopher M. Stone* (ECF No. 49) PageID# 372. He alleges that he attempted to contact his

---

[2] Petitioner was serving a sentence of four to ten years in Pennsylvania at the time he entered his guilty plea and was sentenced in Ohio. *Transcript of Plea and Sentencing Hearing,* (ECF No. 22-1) PageID# 245.

trial attorney about the status of his appeal but that he received no response. When his letters went unanswered, Petitioner contacted the public defender. Petitioner learned, through the Ohio Public Defender's Office, that no appeal had been filed. He was unable to locate Ohio legal materials in the Pennsylvania prison where he was housed. *Id.* at PageID# 373. Petitioner has attached, *inter alia,* a letter that he allegedly wrote to the "Clerk of Courts" indicating that "during my whole appeal process I never attorney [sic] to help me with this[.]" *Petitioner's Reply to Respondent's Motion to Dismiss* (ECF No. 12-6) PageID# 170. Petitioner also submitted a copy of a letter to one "Attorney Santiago"[3] requesting information about the appeal process. *Id.* (ECF No. 12-8) at PageID# 173. Petitioner also attached a letter, dated October 1, 2012, from the Office of the Ohio Public Defender reaffirming that its office could not assist Petitioner in obtaining a copy of his transcripts. *Id.* (ECF No. 12-9) at PageID# 175.

Respondent contends that Petitioner waived his claim that he was denied the effective assistance of counsel due to his attorney's failure to file an appeal after having been requested to do so because Petitioner failed to present the claim to the Ohio Courts. This Court disagrees. Petitioner asked that the state appellate court appoint counsel to assist him, claiming that he had been unable to obtain an attorney for the purpose of filing an appeal. *Motion for Appointment of Counsel,* attached to *Motion to Dismiss* (ECF No. 9-1) PageID# 95. In his *Motion for Leave to File Delayed Appeal,* attached to *Motion to Dismiss* (ECF 9-1, Petitioner also stated that he had been denied access to legal materials at the prison law library. *Id.* at PageID# 101.) Petitioner also represented to that court that he had made numerous, unsuccessful, attempts to contact his attorney. *Id.* at PageID# 104. In his *Motion for Delayed Appeal* in the Ohio Supreme Court, attached to *Motion to Dismiss* (ECF No. 9-1), Petitioner stated that he had been unable to obtain

---

[3] It is unclear who this person is. Attorney Mark Kaido represented Petitioner before the state trial court. *See Motion to Dismiss* (ECF 9-1) PageID# 86.

needed materials from the public defender's office.  *Id.* at PageID# 114.  In an *Affidavit* presented to the Ohio Supreme Court, attached to *Motion to Dismiss* (ECF No. 9-1), Petitioner complained that no attorney had been appointed to assist him in the filing of an appeal.  *Id.* at PageID# 116.  On this record, the Court is persuaded that Petitioner fairly presented this claim to the state courts.

The failure of an attorney to file a timely appeal upon a defendant's request constitutes the ineffective assistance of counsel.

> [E]very Court of Appeals that has addressed the issue has held that a lawyer's failure to appeal a judgment, in disregard of the defendant's request, is ineffective assistance of counsel regardless of whether the appeal would have been successful or not. *See Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir.1994); *United States v. Peak*, 992 F.2d 39, 42 (4th Cir.1993); *United States v. Horodner,* 993 F.2d 191, 195 (9th Cir.1993); *Bonneau v. United States,* 961 F.2d 17, 23 (1st Cir.1992); *United States v. Davis,* 929 F.2d 554, 557 (10th Cir.1991); *Williams v. Lockhart*, 849 F.2d 1134, 1137 n. 3 (8th Cir.1988). We agree with those courts and hold that the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment.

*Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998).

> [A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. *See Rodriquez v. United States*, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); *cf. Peguero v. United States*, 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit"). This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes.

*Roe v. Flores-Ortega,* 528 U.S. 470, 478 (2000). Petitioner states under penalty of perjury that he was denied the assistance of counsel in the filing of a direct appeal. *Petition* (ECF No. 4) PageID# 35, 43. This Court concludes that Petitioner has alleged facts in support of his claim two that, if true, may entitle him to relief.

**Recommended Disposition**

The Magistrate Judge therefore **RECOMMENDS** that Petitioner's *Request for Evidentiary Hearing* (ECF No. 50) be **GRANTED,** and that counsel be appointed to represent Petitioner at an evidentiary hearing on his claim that he was denied the assistance of counsel to assist him in the filing of an appeal.  The Magistrate Judge further **RECOMMENDS** that the remainder of Petitioner's claims be **DISMISSED**.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

 *s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge
August 10, 2015