IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


CHRISTOPHER STONE,

      Petitioner,

                                          Case No. 2:13-cv-00320

  v.                                     Judge Smith
                                                 Magistrate Judge King

STATE OF OHIO,

      Respondent.

<u>**OPINION AND ORDER**</u>

        This is an action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On August 10, 2015, the Magistrate Judge recommended that all of Petitioner's claims be dismissed except his claim that he was denied the assistance of counsel to assist him in the filing of an appeal; as to that claim, the Magistrate Judge recommended that counsel be appointed to represent Petitioner at an evidentiary hearing on that claim.  *Order and Report and Recommendation* (ECF No. 54).  Petitioner objected to that recommendation, *Objection* (ECF No. 55), as did Respondent, *Objection* (ECF No. 58).  On October 20, 2015, the Court overruled Petitioner's *Objection* but deferred ruling on the claim of procedural default raised in Respondent's *Objection* in order to provide Petitioner an opportunity to respond to that argument.  *Opinion and Order* (ECF No. 66).  On November 20, 2015, Petitioner responded to the claim of procedural default.  *Reply* (ECF No. 67).

        Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review.  Petitioner's *Request for Evidentiary Hearing* (ECF No. 50) is **DENIED**.  Respondent's *Objection* (ECF No. 58) is **SUSTAINED**.  Petitioner's claim of ineffective assistance of counsel in connection with the filing of an appeal is **DISMISSED** as procedurally defaulted.  The *Order and Report and*

*Recommendation* (ECF No. 54) otherwise is **ADOPTED** and **AFFIRMED.**  This action is hereby **DISMISSED**.

Respondent's *Motion for Leave to File Declaration of Mark Kaido* (ECF No. 59) is **DENIED**, as moot.  Petitioner's *Motion for Writ of Mandamus or Other Extraordinary Relief* (ECF No. 68) is **DENIED**.

The issue presently before the Court involves Petitioner's claim that he was denied counsel to assist him in the filing of an appeal.  Petitioner alleges that he had asked his trial attorney to file an appeal and, although his attorney assured Petitioner that he would do so, counsel never filed the appeal.  *Declaration of Petitioner Christopher M. Stone* (ECF No. 49), PageID# 372.  Petitioner states that he attempted to contact his attorney about the status of the appeal, to no avail.  When his letters went unanswered, Petitioner contacted the Ohio Public Defender and learned that no appeal had been filed.  He was unable to locate Ohio legal materials in the Pennsylvania prison where he was housed.  *Id*. at PageID# 373.  Petitioner has attached, *inter alia*, a letter that he allegedly wrote to the "Clerk of Courts" indicating that "during my whole appeal process I never attorney [sic] to help me with this[.]"  *Petitioner's Reply to Respondent's Motion to Dismiss* (ECF No. 12-6), PageID# 170.  Petitioner has also submitted a copy of a letter to one "Attorney Santiago"[1] requesting information about the appeal process.  *Id*. (ECF No. 12-8), PageID# 173.  Petitioner has attached a letter, dated October 1, 2012, from the Office of the Ohio Public Defender reaffirming that that office could not assist Petitioner in obtaining a copy of his transcripts.  *Id*. (ECF No. 12-9), PageID# 175.

**Procedural History**

---

[1] It is unclear who Attorney Santiago is.  Attorney Mark Kaido represented Petitioner before the state trial court.  *See Motion to Dismiss* (ECF 9-1), PageID# 86.

Petitioner pleaded guilty pursuant to his negotiated plea in the Muskingum County Court of Common Pleas to charges of kidnapping, aggravated robbery, theft of a motor vehicle, and theft of credit cards.  *Plea of Guilty*, attached to *Motion to Dismiss* (ECF No. 9-1), PageID# 87.  On August 11, 2011, the trial court imposed an aggregate sentence of eleven (11) years in prison.  *Entry,* attached to *Motion to Dismiss* (ECF No. 9-1), PageID# 92-3.  On June 5, 2012, Petitioner filed a *Motion for Leave to File a Delayed Appeal,* attached to *Motion to Dismiss* (ECF No. 9-1), PageID# 94-106, in which he asserted that he had been denied counsel in connection with the filing of an appeal.  On July 16, 2012, the appellate court denied Petitioner's motion.  *Judgment Entry,* attached to *Motion to Dismiss* (ECF No. 9-1), PageID# 110.  Petitioner did not file a timely appeal to the Ohio Supreme Court from that decision.  On November 16, 2012, Petitioner filed a *Motion for Leave to File Delayed Appeal; Motion for Appointment of Counsel;* and *Notice of Appeal* with the Ohio Supreme Court, attached to *Motion to Dismiss* (ECF No. 9-1), PageID# 128.  On January 23, 2013, the Ohio Supreme Court denied those motions.  *Order*, attached to *Motion to Dismiss* (ECF No. 9-1), PageID# 128.  Respondent contends that, by his failure to timely seek review by the Ohio Supreme Court,  Petitioner procedurally defaulted his claim of ineffective assistance of counsel for review in these proceedings.

Petitioner also pursued post-conviction relief.  On August 25, 2012, he filed a post-conviction petition in the state trial court, *Post-Conviction Relief Act Petition*, attached to *Motion to Dismiss* (ECF No. 9-1), PageID# 129, which the trial court denied on August 31, 2012.  *Order,* attached to *Motion to Dismiss* (ECF No. 9-1), PageID# 133.  Respondent contends that Petitioner has also procedurally defaulted his claim of ineffective assistance of counsel on this basis.

**Procedural Default**

Congress has provided that state prisoners who are in custody in violation of the Constitution or laws or treaties of the United States may apply to the federal courts for a writ of habeas corpus. 28 U.S.C. § 2254(a). However, in recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those claims to the state courts for consideration. 28 U.S.C. § 2254(b), (c).  If he fails to do so, but still has an avenue open to him by which he may present his claims, then his petition is subject to dismissal for failure to exhaust state remedies. *Id.*; *Anderson v. Harless,* 459 U.S. 4, 6, 103 (1982) (*per curiam*) (citing *Picard v. Connor*, 404 U.S. 270, 275–78 (1971)). Where a petitioner has failed to exhaust his claims but would find those claims barred if later presented to the state courts, "there is a procedural default for purposes of federal habeas. . . ."  *Coleman v. Thompson,* 501 U.S. 722, 735 n. 1 (1991).

The term "procedural default" has come to describe the situation where a person convicted of a crime in a state court fails (for whatever reason) to present a particular claim to the highest court of the State so that the State has a fair chance to correct any errors made in the course of the trial or the appeal without intervention by a federal court in the state criminal process.  In order to avoid a procedural default, a petitioner must "present 'the same claim under the same theory' to the state courts before raising it on federal habeas review." *Hicks v. Straub*, 377 F.3d 538, 552–53 (6th Cir. 2004) (quoting *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987)). One aspect of this concept of  "fairly presenting" a claim to the state courts is that a habeas petitioner must present his claim to the state courts in a way that gives the state courts a fair opportunity to rule on the federal claims being asserted. That means that, if the claims are

not presented to the state courts in the manner in which state law requires, and the state courts therefore do not decide the claims on their merits, neither may a federal court do so. *See Wainwright v. Sykes*, 433 U.S. 72, 87 (1977) ("[C]ontentions of federal law which were not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure" cannot be resolved on their merits in a federal habeas case.)

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim has been waived by a petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that the petitioner failed to comply with a state procedural rule, and that the rule was an adequate and independent state ground, then the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. *Id.* In order to establish cause, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). This "cause and prejudice" analysis applies even to failures to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985).

Constitutionally ineffective counsel may constitute a cause sufficient to excuse a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). In order to constitute

cause, an ineffective assistance of counsel claim generally must "'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" *Id.* at 452 (quoting *Murray v. Carrier*, 477 U.S. at 479). Before counsel ineffectiveness will constitute cause, "that ineffectiveness must itself amount to a violation of the Sixth Amendment, and therefore must be both exhausted and not procedurally defaulted." *Burroughs v. Makowski*, 411 F.3d 665, 668 (6th Cir. 2005). If the claim of ineffective assistance of counsel is itself procedurally defaulted, the petitioner must be able to "satisfy the 'cause and prejudice' standard with respect to the ineffective-assistance claim itself." *Edwards,* 529 U.S. at 450–51. The Supreme Court explained the importance of this requirement:

> We recognized the inseparability of the exhaustion rule and the procedural-default doctrine in *Coleman* [*v. Thompson*, 501 U.S. 722 (1991)]: "In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases." 501 U.S., at 732, 111 S.Ct. 2546, 115 L.Ed.2d 640. We again considered the interplay between exhaustion and procedural default last Term in *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999), concluding that the latter doctrine was necessary to "'protect the integrity' of the federal exhaustion rule." *Id.*, at 848, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (quoting *id.*, at 853, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (STEVENS, J., dissenting)). The purposes of the exhaustion requirement, we said, would be utterly defeated if the prisoner were able to obtain federal habeas review simply by "'letting the time run'" so that state remedies were no longer available. *Id.*, at 848, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1. Those purposes would be no less frustrated were we to allow federal review to a prisoner who had presented his claim to the state court, but in such a manner that the state court could not, consistent with its own procedural rules, have entertained it. In such circumstances, though the prisoner would have "concededly exhausted his state remedies," it could hardly be said that, as comity and federalism require, the State had been given a "fair 'opportunity to pass upon [his claims].'" *Id.*, at 854, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (STEVENS, J.,

dissenting) (emphasis added) (quoting *Darr v. Burford*, 339 U.S. 200, 204, 70 S.Ct. 587, 94 L.Ed. 761 (1950)).

*Edwards*, 529 U.S. at 452–53.

If, after considering all four factors of the *Maupin* test, a court concludes that a procedural default has occurred, the court must not consider the merits of the procedurally defaulted claim unless "review is needed to prevent a fundamental miscarriage of justice, such as when the petitioner submits new evidence showing that a constitutional violation has probably resulted in a conviction of one who is actually innocent." *Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013) (citing *Murray v. Carrier*, 477 U.S. at 495–96).

The Ohio Supreme Court has held that that claims involving the alleged denial of counsel in the "pre-appellate process" should be raised in a petition for post conviction relief under O.R.C. § 2953.21. *State v. Gover*, 71 Ohio St.3d 577 (1995). *Gover* involved a claim that the trial court had failed to notify appointed counsel of the appointment, resulting in the denial of the right to counsel on appeal. The Ohio Supreme Court explained:

> The denial of Gover's right to counsel on appeal occurred at the trial court level, prior to any involvement by the court of appeals. The trial court's failure to notify counsel of his appointment as Gover's attorney prevented that attorney from filing a timely notice of appeal under App.R. 4(A). The court of appeals' denial of Gove''s *pro se* motions for a delayed appeal, filed nearly a year after the sentencing hearing, was independent of the trial court's failure to provide Gover with appointed counsel. The "ineffectiveness" of Gover's appointed counsel related to the pre-appellate process. *Accord Steed v. Salisbury* (C.A.6, 1972), 459 F.2d 475, 65 O.O.2d 294 (attorney's failure to file timely a notice of appeal is cognizable under R.C. 2953.21). Gover's appointed attorney played no part in the motions for a delayed appeal; therefore, the appellate court's denial of those motions was not caused by ineffective appellate counsel.
>
> Because Gover was denied his right to appellate counsel as a result of an error made at the trial level, we hold that. . . Gover's proper

> remedy is to file a petition for postconviction relief under R.C.
> 2953.21. *Accord State v. Catlino, supra.*

*Gover*, 71 Ohio St.3d at 580. In *State v. Hill*, 160 Ohio App.3d 324, 356 (Ohio App. 8th Dist.

2005), the appellate court held that *Gover* requires a criminal defendant to first exhaust his direct

appellate rights by filing a motion for a delayed appeal prior to raising the claim in post

conviction proceedings. *Id.* In *Hill*, appointed counsel had failed to file the appeal, and Hill

raised his claim of ineffective assistance of counsel in a petition for post conviction relief. The

state appellate court held that the post conviction petition was premature because Hill had failed

to first exhaust his direct appeal rights by filing a motion for a delayed appeal. *Id.* The

appellate court explained:

> In *Gover*, the Ohio Supreme Court was presented with the issue of
> whether R.C. 2953.21 provides relief to a defendant who claims
> that he was denied the effective assistance of appellate counsel
> when the court failed to notify the attorney of the appointment and
> therefore no direct appeal was pursued. *Gover, supra*. In discussing
> the application of R.C. 2953.21, the court stated:
>
> > [T]hrough R.C. 2953.21, the General Assembly has
> > provided a means for individuals convicted of
> > crimes to challenge collaterally their convictions
> > *after their direct appellate rights have been
> > exhausted.* That statute provides that a person
> > convicted of a criminal offense may file a petition
> > for postconviction relief in the trial court that
> > imposed the sentence, challenging the validity of
> > the conviction on state and federal constitutional
> > grounds.
>
> (Emphasis added). *Gover*, 71 Ohio St.3d at 579, 645
> N.E.2d 1246.

*Hill*, at 331-32. The state court of appeals noted that its holding was consistent with that of other

Ohio courts:

> In *State v. Pishok* (Apr. 24, 2002), Seneca App. No. 13–02–14,
> *discretionary appeal not allowed*, 96 Ohio St.3d 1494, 2002-Ohio-

4534, 774 N.E.2d 767, Pishok requested that his attorney file an appeal; however, the attorney failed to timely file a notice of appeal. The appeals court denied Pishok's motion to file a delayed appeal, and the Supreme Court refused to consider his appeal of the denial. Then, in *State v. Pishok*, Seneca App. No. 13–03–43, 2003-Ohio-7118, 2003 WL 23018745, *discretionary appeal not allowed*, 102 Ohio St.3d 1448, 2004-Ohio-2263, 808 N.E.2d 398, Pishok, with new counsel, filed a motion for postconviction relief pursuant to R.C. 2953.21 because no direct appeal had been taken. The trial court granted the motion pursuant to *Gover* in order to reinstate the time within which he could timely file a notice of appeal. The appellate court affirmed his conviction, and the Supreme Court again denied appeal. *See, also, Harding v. Russell* (C.A.6, 2001), 27 Fed.Appx. 372 (R.C. 2953.21 provided the appropriate relief for ineffective assistance of appellate counsel in the preappellate process when the defendant's motion for delayed appeal was denied).

*Id.* at 356-57. Thus, Ohio law appears to require that a claim involving the denial of counsel in the "pre-appellate" process, such as the claim at issue here, be presented to the state courts in a motion for delayed appeal prior to consideration of the claim in a petition for post conviction relief. *See State v. Lynch*, No. 88899, 2007 WL 2671354 (Ohio App. 8th Dist. Sept. 13, 2007)(motion for delayed appeal filed prior to consideration of claim in post conviction proceedings); *State v. Moore*, No. 2004CA00045, 2004 WL 1888288 (Ohio 5th App. Dist. Aug. 25, 2005)(proper remedy for claim involving trial court's failure to appoint appellate counsel is a request for a delayed appeal); *State v. Boyd*, No. 100350-53, 2014 WL 2809023 (Ohio App. 8th Dist. June 19, 2014)(appeal granted on claim that trial court failed to advise defendant of his appellate rights, after the filing of a motion for delayed appeal and a subsequent petition for post conviction relief); *McQueen v. Bobby*, No. 1:06-cv-1003, 2009 WL 803583, at *3-4 (N.D. Ohio March 24, 2009)(habeas corpus petition dismissed as unexhausted so that the petitioner could file a motion for a delayed appeal on his claim that he had been denied counsel for appeal); *but see Aquino v. Brunsman*, No. 1:08-cv-1808, 2009 WL 1788366, at *8 (N.D. Ohio June 19,

2009)(holding that a petition for post conviction relief, and not a motion for a delayed appeal, is the appropriate means of raising a claim that an attorney failed to file an appeal after being requested to do so, and finding the claim to be procedurally defaulted because post conviction relief was no longer available for the petitioner to raise his claim)(citing *Harding v. Russell*, 27 Fed.Appx. 372, 376-77 (6th Cir. Oct. 11, 2001)).

This Court previously concluded that Petitioner fairly presented to the state courts, in his motion for leave to file a delayed appeal in the state court of appeals, his claim that he was denied the assistance of counsel to assist him in the filing of an appeal. *Order* (ECF No. 66), PageID# 495-497.  However, Petitioner did not file a timely appeal from the appellate court's decision denying that motion, and the Ohio Supreme Court denied his motion for a delayed appeal.  It does not appear, therefore, that Petitioner "exhausted his direct appeal rights" in accordance with Ohio law so as to properly raise his claim in a petition for post conviction relief. *See State v. Hill,* 160 Ohio App.3d at 356.[2]  Moreover, the United States Court of Appeals for the Sixth Circuit has held that the Ohio Supreme Court's denial of a motion for leave to file a delayed appeal constitutes a procedural ruling sufficient to bar federal review.  *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004).  This Court therefore concludes that Petitioner has procedurally defaulted his claim of denial of the effective assistance of counsel in connection with the filing of an appeal.

Petitioner may still obtain review of his claim on the merits if he establishes cause for his procedural default as well as actual prejudice.  As cause for his procedural default, Petitioner asserts that the state courts refused to appoint him counsel in initial review collateral proceedings, wherein he was required to raise his claim of ineffective assistance of counsel.

---

[2] Petitioner did not allege in his petition for post conviction relief that he had been denied the effective assistance of counsel in connection with the filing of an appeal.

According to Petitioner, he has established cause under *Martinez v. Ryan*, -- U.S. --, 132 S.Ct. 1309 (2012), and *Trevino v. Thaler,* -- U.S. --, 133 S.Ct. 1911 (2013).  *See Reply* (ECF No. 67.)

> Historically, the federal courts have held that there is no constitutional right to an attorney in post-conviction proceedings, and that ineffective assistance of post-conviction counsel therefore cannot establish cause for procedural default. *See Carpenter*, 529 U.S. at 450–53, 120 S.Ct. 1587; *Coleman*, 501 U.S. at 752, 111 S.Ct. 2546; *Landrum* [*v. Mitchell*], 625 F.3d [905,] 919 [(6th Cir. 2010)]. But the Supreme Court recently held in *Martinez v. Ryan*, –— U.S. ——, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), that there is a "narrow exception" to *Coleman*: "Inadequate assistance of counsel at initial review collateral proceedings may establish cause for a procedural default of a claim of ineffective assistance *at trial*." *Id*. at 1315 (emphasis added).

*Hodges v. Colson*, 727 F.3d 517, 530-31 (6th Cir. 2013).  The holding in *Martinez* applies where "the initial-review collateral proceeding is the first designated proceeding for a prisoner to raise a claim of ineffective assistance at trial."  *Id.* at 1317.  The Supreme Court narrowly limited its holding in *Martinez*.

> The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts. *See* 501 U.S., at 754, 111 S.Ct. 2546; *Carrier,* 477 U.S., at 488, 106 S.Ct. 2639. It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons.

*Martinez*, at 1320.  Thus, under *Martinez*, a federal habeas court may find cause to excuse a petitioner's procedural default

> where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an

> "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding." *Martinez, supra,* at ——, 132 S.Ct., at 1318–1319, 1320–1321.

*Trevino v. Thaler,* 133 S.Ct. 1911, 1918 (2013). "The Sixth Circuit has not finally resolved whether and how *Martinez* applies to Ohio ineffective assistance of trial counsel claims." *Moreland v. Robinson*, No. 3:05-cv-334, 2015 WL 127977, at *6 (S.D. Ohio Jan. 8, 2015)(citations omitted).

The parties have not referred to, and this Court has been unable to locate, any decision dealing with the application of *Martinez* and *Trevino* to the precise circumstances at issue here. However, the Court is not persuaded that Petitioner has established cause for his procedural default. *Martinez* applies to claims involving the ineffective assistance of counsel at trial. Petitioner's claim, however, involves the denial of counsel, or the ineffective assistance of counsel, in connection with the filing of an appeal. It is not clear that such a claim falls within the ambit of a claim of ineffective assistance of trial counsel addressed in *Martinez*. Even assuming that it does, Ohio courts have held that a criminal defendant must first exhaust his direct appeal rights by filing a motion for a delayed appeal prior to raising the claim in a petition for post conviction relief. *See Hill*, 160 Ohio App.3d at 331 (citing *Gover*, 71 Ohio St.3d at 579)). Thus, the initial collateral review proceeding is not the first, or the sole, means of presenting the claim to the state courts. *See Trevino*, 133 S.Ct. at 1918. Petitioner presented his claim in his motion for a delayed appeal pursuant to Rule 5(A) of the Ohio Rules of Appellate Procedure but his procedural default stems from his failure to file a timely appeal to the Ohio Supreme Court from the state appellate court's denial of his motion for a delayed appeal.

The Supreme Court in *Martinez* expressed the following concern:

> When an attorney errs in initial-review collateral proceedings, it is likely that no state court at any level will hear the prisoner's claim.

12

> This Court on direct review of the state proceeding could not consider or adjudicate the claim. *See, e.g., Fox Film Corp. v. Muller,* 296 U.S. 207, 56 S.Ct. 183, 80 L.Ed. 158 (1935); *Murdock v. Memphis,* 20 Wall. 590, 22 L.Ed. 429 (1875); *cf. Coleman, supra*, at 730–731, 111 S.Ct. 2546. And if counsel's errors in an initial-review collateral proceeding do not establish cause to excuse the procedural default in a federal habeas proceeding, no court will review the prisoner's claims.

*Id.* at 1316.  However, this Court has addressed claims of the denial of the effective assistance of counsel in connection with the filing of an appeal where the petitioner has presented the claim in a motion for a delayed appeal, and has not required a petitioner to also present the claim in a petition for post conviction relief in order to obtain federal habeas review.  *See, e.g., Barnett v. Wolfe*, No. 2:07-cv-667, *Report and Recommendation* (ECF No. 13) (S.D. Ohio); *Whitfield v. Warden, Noble Correctional Institution*, No. 2:07-cv-01201, *Report and Recommendation* (ECF No. 10) (S.D. Ohio).[3]  Therefore, where a petitioner presents the claim in a motion for a delayed appeal, there is no need to establish cause for failing to raise the claim in a petition for post conviction relief, which was the circumstances discussed in *Martinez.*

Finally, independent review of the record fails to establish that Petitioner is actually innocent and the victim of a manifest miscarriage of justice. He presents no new reliable evidence establishing his factual innocence of the charges against him. Further, the record does not indicate that this case is of the rare or extraordinary type justifying a merits review of his otherwise procedurally defaulted claims. *See Souter v. Jones*, 395 F.3d 577, 589 (6th Cir. 2005) (footnote and citations omitted); *see also McQuiggin v. Perkins*, ⸺ U.S. ⸺, 133 S.Ct. 1924, 1931–32 (2013).

---

[3] "Where several alternative State remedies are available to a defendant, exhaustion of one of those alternatives on a particular issue is all that is necessary. Section 2254 does not require repetitious applications to State courts for relief."  *Keener v. Ridenour*, 594 F.2d 581, 584 (6th Cir. 1979)(citation omitted).

Therefore, Petitioner's *Request for Evidentiary Hearing* (ECF No. 50) is **DENIED.** Respondent's *Objection* (ECF No. 58) is **SUSTAINED**.  Petitioner's claim of ineffective assistance of counsel is **DISMISSED** as procedurally defaulted.  The *Order and Report and Recommendation* (ECF No. 54) is otherwise **ADOPTED** and **AFFIRMED.**  This action is hereby **DISMISSED**.

Respondent's *Motion for Leave to File Declaration of Mark Kaido* (ECF No. 59) is **DENIED**, as moot.  Petitioner's *Motion for Writ of Mandamus or Other Extraordinary Relief* (ECF No. 68) is **DENIED**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT.**

       */s/ George C. Smith*
       **GEORGE C. SMITH, JUDGE**
       **UNITED STATES DISTRICT COURT**